UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-23089-CIV-O'SULLIVAN
[CONSENT]

ANGEL MORALES, et. al.,
Plaintiffs,
v.

M&M PAINTING AND CLEANING CORP., et. al.,
Defendants.
_________________________________/

**ORDER**

THIS MATTER is before the Court pursuant to the Defendants' Motion for Summary Final Judgment (DE# 36, 8/27/08) and Plaintiffs' Motion for Partial Summary Judgment (DE# 38, 8/27/08). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that for the reasons set forth below Defendants' Motion for Summary Judgment (DE# 36, 8/27/08) is **GRANTED** and Plaintiffs' Motion for Partial Summary Judgment (DE# 38, 8/27/08) is **DENIED**.

**PROCEDURAL BACKGROUND**

The plaintiffs, Angel Morales, David Euceda-Alonzo, David Maldonado, Mario Molina and Luciano Funes, bring[1] the instant action against defendants M&M Painting & Cleaning Corp., Dario J. Moncada and Maria C. Moncada for overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. See Amended Complaint (DE# 22, 3/20/08). The defendants have not filed an answer to the Amended Complaint.

On August 27, 2008, the defendants moved for summary judgment against the

[1] The action was initially filed by Angel Morales on November 29, 2007. See Complaint (DE# 1, 11/29/07). On February 2, 2008, Mr. Morales moved to amend the complaint to include the additional plaintiffs. See Plaintiff's Motion Seeking Leave to Amend Complaint (DE# 18, 2/22/08). Mr. Morales' motion was granted on March 20, 2008. See Order (DE# 21, 3/20/08).

plaintiffs and filed their statement of undisputed facts and supporting documents. See Defendants' Motion for Summary Final Judgment (DE# 36, 8/27/08); Defendants' Statement of Undisputed Material Facts in Support of Motion for Summary Final Judgment (DE# 37, 8/27/08); Defendant's Notice of Filing Documents in Support of Motion for Summary Final Judgment (DE# 39, 8/27/08); Defendant's Notice of Filing Omitted Exhibits 4, 5 & 9 in Support of Motion for Summary Judgment (DE# 40, 8/28/08). The plaintiffs filed their response to the defendants summary judgment motion on September 16, 2008. See Plaintiffs' Response to Defendants Motion for Summary Judgment (DE# 42, 9/16/08). The defendants filed their reply on September 23, 2008. See Defendant's Reply to Plaintiff's Response to Summary Judgment (DE# 51, 9/23/08).

The plaintiffs have moved for partial summary judgment against the defendants and filed a statement of undisputed facts. See Plaintiffs' Motion for Partial Summary Judgment (DE# 38, 8/27/08); Plaintiffs' Statement of Material Facts (DE# 41, 8/28/08). The defendants responded to the plaintiffs' summary judgment motion on September 22, 2008. See Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment (DE# 48, 9/22/08); Defendants' Response to Plaintiffs' Statement of Material Facts (DE# 49, 9/22/08).[2]

## FACTS[3]

M&M Painting and Cleaning Corporation (hereinafter "M&M") was established by

[2] The defendants responded to the plaintiffs' motion for summary judgment after the Court issued an order requiring a response pursuant to Local Rule 7.1 (c). See Order (DE# 43, 9/18/08).

[3] The facts of the case are set forth with a view toward the evidence and the factual inferences therefrom in the light most favorable to the non-moving party. Key West Harbour Dev. Corp. v. Key West, 987 F.2d 723, 726 (11th Cir. 1993).

defendants Dario Moncada, Maria Moncada and Andres Vega.[4] M&M operates out of the defendants' home. Mr. Vega ran the day-to-day operations of M&M. The Moncadas sometimes help with painting but do not manage the business. The Moncadas are the signatories of M&M's operating account.

During the relevant time period, M&M exclusively engaged in providing painting services to various establishments in Florida, including condominiums. M&M has never undertaken a project outside of the Florida. M&M does not advertise outside of Florida. M&M's gross sales met the jurisdictional requirement for enterprise coverage.[5]

M&M requires that its painters bring the following tools: a spatula, a handle, an extension cord, a sander and paint brushes. On some projects, the paint is provided by the entity that hired M&M to do the project. On other projects, including a condominium on which Mr. Morales worked, M&M provided the paint. M&M used paint from Benjamin Moore for that project. On other projects the defendants used Duron or Sherwin Williams paint. Duron's primary manufacturing plant is located in Maryland. Sherwin Williams is based in Ohio.

The plaintiffs are painters. They were hired by M&M for various painting projects. M&M did not report the plaintiffs as employees on insurance or corporate documents. M&M did not deduct payroll taxes from the plaintiffs' pay. The plaintiffs received no benefits such as vacation, sick time, medical insurance or retirement benefits.

---

[4] Andres Vega is also referred to as Andrea Vega on the record. Mr. Vega is the Moncadas' son.

[5] The parties do not dispute that gross sales for 2006 met the jurisdictional requirement. With respect to 2007, the defendants proffer that gross sales "may have exceeded this amount however [M&M] has been unable to complete its [tax] returns . . . ." Defendants' Motion for Summary Final Judgment (DE# 36 at 6, n. 3, 8/27/08). The Court finds that, for summary judgment purposes, this prong of enterprise coverage has been satisfied in the instant case.

M&M hired plaintiff Angel Morales to perform prep work on painting projects. Prep work including the follow: "[f]or example, any woodwork has to be filled, sanded down and then it need three coats, and between each coat it has to be sanded down. So Angel Morales was an expert on that." Deposition of Andrea Vega at 8, Plaintiffs' Statement of Material Facts (DE# 41, 8/28/08). Mr. Morales did not work for M&M on a daily basis because he had health problems concerning his children. Mr. Vega kept track of all the time records for Mr. Morales. Mr. Morales had three supervisors while working at M&M: Luis Perez, Victor Martinez and Andres Vega. Generally, Mr. Morales was paid by check. Mr. Morales' pay checks were signed by either Dario or Maria Moncada. On occasion, when M&M had cash flow problems,[6] it would pay Mr. Morales in cash.

The painters were picked up and transported to job sites by Luis Perez. Mr. Perez drove either M&M's company van or his own car. For most of the time, Mr. Morales traveled to and from job sites in M&M's company van. M&M owns three company vans. The vans display M&M's company name. At times, Mr. Morales wore an M&M t-shirt to jobs but he was not required to.

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

[6] M&M obtained short term loans through a check cashing store. It would pay the painters with cash from the loan.

of law.

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323.  Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

### I. Defendants' Motion for Summary Judgment

The defendants seek final summary judgment against the plaintiffs on the following grounds: (a) the plaintiffs were not employed in an enterprise affecting commerce (b) the plaintiffs were independent contractors and, as such, were exempt from the FLSA and (c) defendants Dario Moncada and Maria Moncada are not personally liable because they were not involved in the day-to-day operations of the business. See Defendants' Motion for Summary Final Judgment (DE# 36, 8/27/08). The plaintiffs counter that enterprise coverage applies, that the plaintiffs were employees of the defendants and that the Moncadas were individually liable. See Plaintiffs' Response to Defendants Motion for Summary Judgment (DE# 42, 9/16/08).

The FLSA's overtime provisions apply under two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce ("individual coverage") or (2) where an employee works for an "enterprise" engaged in commerce or in the production of goods for commerce ("enterprise coverage"). 29 U.S.C §§ 206(a), 207(a); see Ares v. Manuel Diaz Farms, Inc., 318 F.3d 1054, 1056 (11th Cir. 2003). "The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." Kitchings v. Florida United Methodist, 393 F.Supp.2d 1282, 1292 n. 25 (M.D. Fla. 2005) (citing D.A. Schulte, Inc. v. Gangi, 328

U.S. 108, 121 (1946); Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 90 (1942)).

The defendants argue that the Court does not have subject matter jurisdiction because the plaintiffs cannot show that individual or enterprise coverage applies in the instant case. See Defendants' Motion for Summary Judgment (DE# 36 at 6-11, 8/27/08). In their response to the defendants' summary judgment motion, the plaintiffs do not raise individual coverage.[7] See Plaintiffs' Response to Defendants Motion for Summary Judgment (DE# 42 at 3-5, 8/27/08).They argue that enterprise coverage applies here because the defendants have stipulated to the jurisdictional amount[8] and "it is uncontested that a substantial amount of paint was used on these projects, whether they were paint supplied by a company named Duron or Sherwin Williams. Id. at 4. According to the plaintiffs, the defendants are engaged in commerce because "the Durion website . . . states that the primary manufacturing plant is located in . . . Maryland" and "the Sherwin Williams Company is based out of Cleveland, Ohio, and its products are sold in 50 states, Canada and Latin America." Id. at 4-5.

The Court finds that the evidence presented by the plaintiffs is insufficient to

---

[7] The Court finds that even if the plaintiffs had raised individual coverage, the defendants would still be entitled to summary judgment because the plaintiffs have not shown that they were engaged in the production of goods for commerce or "engaged in commerce" by directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in their work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).

[8] The defendants stipulated that they had met the jurisdictional amount for 2006. With respect to 2007, the defendants indicated they believed they had met the jurisdictional amount but could not confirm this information. Defendants' Motion for Summary Final Judgment (DE# 36 at 6, n. 3, 8/27/08). As previously noted, for purposes of summary judgment, and construing the facts in the light most favorable to the plaintiffs, the jurisdictional amount has been satisfied for 2006 and 2007.

create a genuine issue of material fact that the defendants constituted an "enterprise" engaged in commerce under the FLSA. 29 U.S.C § 206(a). "An employer is subject to enterprise coverage under the FLSA where it "has employees engaged in commerce or in the production of goods for commerce . . . and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." Guzman v. Irmadan, Inc., 551 F. Supp. 2d 1368, 1370 (S.D. Fla. 2008) (citing 29 U.S.C. § 203(s)). "For the purposes of enterprise coverage, the term '[g]oods' . . . does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof.'" Polycarpe v. E & S Landscaping Service, No. 07-23223, 2008 WL 3866498, * 2 (S.D. Fla. Aug. 15, 2008) (emphasis omitted) (citing Scott v. K.W. Max Investments, Inc., 256 Fed. Appx. 244, 247 (11th Cir. 2007)).

Here, the plaintiffs were painters who worked on buildings located solely within the state of Florida.  The record evidence is that the defendants had no contracts or solicited business outside of Florida. Although the plaintiffs may[9] have used paint that was manufactured outside of Florida, this evidence is insufficient to support a finding

---

[9] The fact that the paint used on some of the projects was made by Duron or Sherwin Williams, without more, is insufficient to create a genuine issue of material fact. The plaintiffs have only shown that Sherwin Williams is based in Ohio and that Durion's primary manufacturing plant is located in Maryland. Based on these facts, the plaintiffs ask the Court to infer that the paint used in the instant case was manufactured outside of Florida. However, the plaintiffs have not presented any evidence that these companies did not have manufacturing plants in Florida. The Court finds that whether the paint traveled in interstate commerce is not relevant to ruling on the defendants' summary judgment motion. See Guzman v. Irmadan, Inc., 551 F. Supp. 2d 1368, 1372 (S.D. Fla. 2008) (on issue of individual coverage finding that "[the defendant] was the ultimate consumer of the goods at issue . . . . The goods ceased flowing in interstate commerce when they arrived at Florida retail locations for sale in the local market. [The plaintiff], therefore, was not engaged in commerce when he retrieved the goods and used them in his employment. . . .").

that the defendants were engaged in commerce under the FLSA. There is no evidence that the paint was purchased for resale or that the defendants were not the end-users or ultimate consumers of the paint. Based on the record, the defendants are entitled to summary judgment on enterprise coverage. See Bien-Aime v. Nanak's Landcaping, Inc., No. 07-22645, 2008 WL 3892160, * 4 (S.D. Fla. Aug. 12, 2008) (finding no enterprise coverage existed as a matter of law where "the defendant's business involve[d] the landscaping of properties solely with the State of Florida and d[id] not affect interstate commerce in the manner intended to trigger application of the FLSA.").

Because the Court finds that the plaintiffs have not shown that enterprise coverage exists in the instant case as a matter of law, the Court does not need to address the defendants' remaining arguments: that the plaintiff was an independent contractor and that the Moncadas are not individually liable under the FLSA.[10]

**II. Plaintiffs' Motion for Partial Summary Judgment**

The plaintiffs seeks partial summary judgment on the grounds that the plaintiffs were employees of the defendants and not independent contractors and that the Moncadas were individually liable as a matter of law. For the reasons previously stated, the Court finds that the defendants are entitled to summary judgment because the plaintiffs cannot show enterprise coverage. As such, Plaintiffs' Motion for Partial

---

[10] With respect to the liability of the Moncadas, the Court notes that the defendants did not properly raise the issue in their motion for summary judgment. The defendants made this argument in a footnote and provide no case law for the Court to rule on this issue in their motion for summary judgement. See Defendants' Motion for Summary Judgment (DE# 36 at 1 n. 1, 8/27/08). Throughout their motion, the defendants make sporadic references to the Moncadas' lack of involvement in the business. The defendants brief this issue in their response to the plaintiff's motion for summary judgment. See Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment (DE# 48 at 7-9, 9/22/08). The Court finds that this is improper because it is outside the scope of the plaintiffs' motion for summary judgment.

Summary Judgment (DE# 38, 8/27/08) is **DENIED**.

**CONCLUSION**

Based on all of the foregoing, the Court finds that the defendants are entitled to final summary judgment because the plaintiff cannot show that enterprise coverage applies in this case.

DONE AND ORDERED in Chambers at Miami, Florida this **24th** day of September, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record