UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23089-CIV-O'SULLIVAN
[CONSENT]

ANGEL MORALES, et. al.,

    Plaintiffs,
v.

M&M PAINTING AND CLEANING
CORP., et. al.,

    Defendants.
_____/

## ORDER ON MOTION FOR COSTS

**THIS MATTER** is before the Court on the Defendant's Verified Motion to Tax Costs and Supporting Bill of Costs (DE # 58, 10/24/08).  To date, there has been no response to the Motion to Tax Costs or the Bill of Costs.

Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default.** (Emphasis supplied).

The defendants request $1,704.28 in costs associated with this matter.  The costs requested by the defendants are for the fees of the court reporter for all or any part of the transcript necessarily obtained for use in this case ($919.28), compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ($420.00), and mediation ($365.00).

## ANALYSIS

Pursuant to Rule 54(d)(1) of the federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  A "prevailing party" for purposes of the rule generally. . . is a party in whose favor

judgment is rendered, this means the party who won at the trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded.  See All West Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co., 153 F.R.D. 667 (D. Kansas 1994).  The undersigned entered Final Judgment in favor of the defendants in this matter (DE # 54, 9/24/08).  Accordingly, the defendants prevailed in the case at bar and, therefore, are entitled to receive all costs recoverable under 28 U.S.C. § 1920.  A court may only tax those costs which are specifically authorized by statute.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

> A judge or clerk of any of the United states may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all and any part of stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C § 1920. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs. Absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000).  Accordingly, the defendants should be awarded costs as outlined below.

(1)     <u>Fees of the Court Reporter</u>

The defendants should be awarded the costs requested that are associated with fees of the court reporter. 28 U.S.C. § 1920(2) states that, "a judge or clerk of any court of the United States may tax as costs the fees of the court reporter for any part of the stenographic transcript necessarily obtained for use in the case". The defendants seek reimbursement in the amount of $919.28. The undersigned finds that the court reporter fees for which costs are requested were necessarily obtained for use in the case. See <u>W&O</u>, 213 F. 3d at 620. Accordingly, the defendants are awarded costs associated with fees of the court reporter in the amount of $919.28.

(2)     <u>Compensation of Interpreters and Costs of Special Interpretation Services under 28 U.S.C. 1828</u>

The defendants should be awarded the costs and expenses associated with compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828. The defendants seek reimbursement in the amount of $420.00 for these costs. 28 U.S.C. § 1920(6) allows for recovery of "compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title." The undersigned finds that the requested interpreter costs were necessarily incurred during the course of the litigation. The defendants are awarded costs associated with compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828 in the amount of ***$420.00***.

(3)     <u>Other Costs</u> - <u>Mediation</u>

The defendants request reimbursement in the amount of $365.00 for mediation costs in this matter. Mediation costs are not permitted under the statute. The defendants are not awarded costs for mediation.

Having received no response to the Bill of Costs and having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the request for costs is **GRANTED** in part and **DENIED** in part as outlined above and the defendants are awarded $1,339.28 in costs.

DONE AND ORDERED, in Chambers, at Miami, Florida this 25th day of November 2008.

*/s/ John J. O'Sullivan*

JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

All counsel of record